```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**HARVEY P. SHORT,**

    **Plaintiff,**

**v.**                                    Case No. 2:10-cv-00785

**JUSTICE ROBIN JEAN DAVIS,**
**JUSTICE BRENT D. BENJAMIN,**
**JUSTICE LARRY V. STARCHER,**
**JUSTICE MARGARET WORKMAN,**
**JUSTICE KETCHUM**
**BRUCE A. KAYUHA, Chief Counsel,**
**RORY L. PERRY, II, Clerk,**
**EDYTHE NASH GAISER, Deputy Clerk, and**
**JUDGE ROBERT L. HOLLAND, JR.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

    This plaintiff, Harvey P. Short, is a former inmate of the West Virginia Division of Corrections who has been released from custody. He has proved himself to be a relentless litigator who has filed a multitude of suits without regard to applicable precedent or <u>res judicata</u>. In this case, filed while he was still in custody, he complains about various judicial officers who did not adjudicate his habeas corpus petition as Plaintiff wished. He seeks compensatory damages. (Complaint, docket # 2, at 5.)

    Defendants Davis, Benjamin, Starcher, Workman, Ketchum and Holland are judicial officers who were engaged in their official duties in connection with Plaintiff's various efforts to obtain

habeas corpus relief.  It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly.   Pierson v. Ray, 386 U.S. 547, 554 (1967).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.  His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights.  The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

Id.  Due to the clear and unequivocal application of absolute judicial immunity, this action should be dismissed with prejudice as to defendants Davis, Benjamin, Starcher, Workman, Ketchum and Holland.

Plaintiff alleges that defendants Clerk Perry and Deputy Clerk Gaiser refused to file one of his petitions for appeal and one of his motions for appointment of counsel.  (# 2, at 4.)  Attached to his Complaint are various exhibits that establish that Mr. Perry explained to Mr. Short that Plaintiff had a pending habeas corpus action in the Circuit Court of Kanawha County, where Plaintiff was convicted, and that the Circuit Court of Doddridge County, where Judge Holland sat, did not have habeas corpus jurisdiction over his

2

case. Id. at 12. The undersigned has found no allegation concerning Mr. Kayuha.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted as to any of the defendants, and is barred by absolute judicial immunity as to the judicial officers.

It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1) be denied, and that this action be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a

waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

January 18, 2011
    Date

/s/ Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge